## Case No. 3,538.

### DAGGS v. FRAZER et al.

[2 Am. Law J. (N. S.) 73; 1 West. Leg. Obs. 212; 6 West. Law J. 555.]

District Court, D. Iowa. Jan. Term, 1849.

#### SLAVERY—TROVER.

Trover will not lie in Iowa to recover the value of slaves.

This was an action of trover against the defendants [Elihu Frazer and others], nineteen citizens of Salem, Henry county, in this state. The declaration contained three counts. The first count read as follows, to wit: "For that whereas the said plaintiff [Ruel Daggs] heretofore, to wit: on the 1st day of May, A. D. 1848, (being at the time of the trespasses hereinafter alleged and set forth, a resident in and a citizen of Clark county, and state of Missouri, and still being," &c.,) "in the said county and state, to wit: at the township of Salem, in the county of Henry, and state of Iowa, and the district of Iowa, and within the jurisdiction of this court, was lawfully possessed as of his own property of certain goods and chattels, to wit: one negro man, commonly known and called by the name of Sam, and of the real name of Samuel Fulcher, and of the value of $2,000; one negro woman, of the name of Dorcas, the wife of the said Samuel Fulcher, a tanner by trade, and skilful therein, and of the value of $1,000; one negro man of the name of John Walker, a skil-

ful farmer and tanner, and of the value of $2,-000; one negro woman of the name of Mary, the wife of the said John Walker, and of the value of $1,000; one other negro woman, of the name of Julia, of the value of $1,000; one female negro child of the name of Martha, and one male negro child of the name of William, each of the value of $500; two other male negro children, one aged three years, and one aged one year, and each of the value of $500; consisting in all of nine negroes, the slaves of the said plaintiff, by and under the laws of the state of Missouri, and of the value in all of $10,000. And being so possessed thereof the said plaintiff, afterwards, to wit: on the day and year first above mentioned, at," &c., "casually lost the said goods and chattels out of his possession. And the same, afterwards, to wit: on," &c., "came to the possession of the said defendants by finding. Yet the said defendants, well knowing the said goods and chattels to be the property of the said plaintiff, and of right to belong and appertain to him, but contriving," &c., "have not, as yet, delivered the said goods and chattels, or any or either of them, or any part thereof, to the said plaintiff, although often requested so to do; and afterwards," &c., "converted and disposed of the said goods and chattels to their and each of their own use—to the damage of the plaintiff $10,000, and therefore, he brings his suit," &c. The second count, the same in substance as the first. The third count is for money laid out and expended in endeavoring to re-capture and recover the said goods and chattels; for loss of services of said negroes; for loss of crops, &c. To this declaration, the defendants demurred, and assigned the following causes of demurrer: (1) The said counts set forth and allege the said property to be negroes, men and women, &c., whereas the laws and constitution of Iowa do not recognize men and women as property, and the subject of a suit; (2) the said declaration does not show that the plaintiff had any right to said persons in the state of Iowa; (3) the action of trover will not lie to recover the value of human beings in the state of Iowa; (4) there is no sufficient cause of action set forth in the plaintiff's declaration; and (5) the said declaration does not state or show that said trover and conversion was contrary to the act of congress, in such cases made and provided.

J. C. Hall and J. T. Morton, in support of the demurrer, contended:

(1) The subject matter of trover must be property in the strictest and most technical sense of the term, not only capable of conversion, but such in its character as to raise the presumption that the defendants knew the right of ownership to it was vested in others than themselves.

(2) At common law, there is no remedy for interference with the rights of owner and slave. 7 Bac. Abr. 806; 1 Bl. Comm. 435; 2 McLean, 601 [Jones v. Vanzandt, Case No. 7,501].

(3) The constitution and laws of congress have changed this. To what extent? See Const. U. S. art. 4, § 2; Act Cong. 1793, § 3 (1 Stat. 302); Jones v. Vanzandt [supra].

(4) From the above authorities, slaves, when in a free state, are persons, and not property. The only right of ownership they are then subject to is a compulsory specific performance. See Serg. Const. Law, 397.

(5) The only interference with the rights of master and slave upon the soil of a free state, for which there is now a remedy, is one of the acts forbidden by the act of congress of 1793, § 4. Jones v. Vanzandt [Cases Nos. 7,501, 7,502].

(6) The action must be founded on the statute, and must so appear in the declaration. 1 Chit. Pl. 246; 2 McLean, 604 [Jones v. Vanzandt, supra].

(7) A recovery of the full value in trover vests the property in the defendants. In a free state, (the cause of action there arising,) this must be otherwise, if slaves are the basis of the action. Therefore, by this conflict of laws, the plaintiff must be driven to some other remedy.

J. P. Carleton, S. Whicher, and A. W. Sweet, in reply, contended that the master has the same right to the slave, into whatsoever state he may escape, that he had in the state whence he escaped; that this right is guaranteed by the constitution and laws of the United States, and by no other law; that it is not in the power of any state to change those rights. Consequently, the same form of action and the same rules of evidence may be invoked and applied for an infraction of those rights that are given in Missouri. The idea of conversion may be entertained in law, without supposing benefit to accrue to the defendant in trover. The injury to the plaintiff, and not the benefit to the defendant, is the true rule of damages in trover. That the defendant could not be benefited, under the laws of Iowa, by the wrongful act charged in the declaration, affords no good reason against the maintenance of the action of trover. That this being an action at common law, the same strictness in pleading is not required as would be in an action under the act of congress for a penalty. See Jones v. Vanzandt [supra]; 2 Wheat. Sel., note, 1417; Mahoney v. Ashton, 4 Har. & McH. 210; Com. v Griffin, 7 J. J. Marsh. 588; 2 Mason, 81 [Watt v. Potter, Case No. 17,291]; 9 Johns. 67; Prigg's Case, 16 Pet. [(41 U. S.) 539]; 1 Chit. Pl. 246.

BY THE COURT. The averments in the declaration are not sufficient to support the action. Trover will not lie in this state to recover the value of slaves. See opinion of Coulter, J., 2 Am. Law J. (N. S.) 41 [Kauffman v. Oliver, 10 Pa. St. 514]. Demurrer sustained.

The plaintiff then asked leave to withdraw his joinder in demurrer, and amend his declaration in any manner not inconsistent with the writ, which was granted, and the cause continued at the costs of the plaintiff.